# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

February 9, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: A.S.**

**No. 14-0999** (Nicholas County 14-JA-53)

## MEMORANDUM DECISION

Petitioner, by counsel John Anderson II, appeals the Circuit Court of Nicholas County's September 5, 2014, order terminating her parental rights to her thirteen-month-old son, A.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Linda Garrett, filed a response on behalf of the child that also supports the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 11, 2014, the DHHR filed an abuse and neglect petition alleging that petitioner's boyfriend sexually abused his daughters and that petitioner failed to protect these children from the sexual abuse.[2] The circuit court held an adjudicatory hearing on June 19, 2014, during which a Child Protective Services worker testified that petitioner witnessed her boyfriend sexually abuse his daughters and failed to prevent the abuse. Based on this evidence, the circuit court adjudicated petitioner as an abusive and neglectful parent and adjudicated A.S. as an abused and neglected child.

---

[1]We caution petitioner's counsel that his brief does not comport with Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure as it contains no citations to either case or statutory authority. We note also that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the rules, including "the Supreme Court refusing to consider the case, denying oral argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate."

[2]Petitioner's boyfriend voluntarily relinquished his parental rights to his daughters. Petitioner does not have any parental rights to her boyfriend's daughters. Therefore, this memorandum decision only concerns the termination of petitioner's parental rights to A.S.

1

On July 23, 2014, the circuit court held a dispositional hearing and found aggravated circumstances existed because petitioner knowingly allowed her boyfriend to sexually abuse his daughters. As a result, the circuit court terminated petitioner's parental rights to A.S. It is from this order that petitioner now appeals.

This Court has established the following standard of review in such cases:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in finding that the presumption of psychological harm outweighed the necessity of the children's testimony. Rule 8(a) of the West Virginia Rules of Child Abuse and Neglect Proceedings provides that "there shall be a rebuttable presumption that the potential psychological harm to the child outweighs the necessity of the child's testimony and the court shall exclude this testimony if the potential psychological harm to the child outweighs the necessity of the child's testimony." A psychologist testified that it would be "damaging" to require the children to testify and should be avoided. Further, petitioner failed to offer any evidence that the children's testimony outweighed the potential psychological harm. Therefore, the circuit court did not abuse its discretion by not allowing the children to testify.

Petitioner further argues that she did not allow her boyfriend to sexually abuse his daughters. We have previously held that

> "W.Va.Code, 49–6–2(c) [1980], requires the State Department of Welfare [now the Department of Human Services], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the State Department of Welfare is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted).

Additionally, this Court has held that

> [w]here there is clear and convincing evidence that a child has suffered physical and/or sexual abuse while in the custody of his or her parent(s), guardian, or custodian, another child residing in the home when the abuse took place who is not a direct victim of the physical and/or sexual abuse but is at risk of being abused is an abused child under W. Va. Code, [§] 49-1-3(a) (1994).

Syl. Pt. 2, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995). Our review of the record reflects that petitioner witnessed her boyfriend sexually abuse his daughters and that she failed to prevent or stop the abuse. While there is no evidence that petitioner's child, A.S., was sexually abused, the circuit court adjudicated him as an abused child because A.S. was in petitioner's home during the sexual abuse and was at risk of being abused.

Despite her assertion of ignorance as to the sexual abuse of her boyfriend's daughters, petitioner failed to testify during the proceedings below. We have previously held that

> "[b]ecause the purpose of an abuse and neglect proceeding is remedial, where the parent or guardian fails to respond to probative evidence offered against him/her during the course of an abuse and neglect proceeding, a lower court may properly consider that individual's silence as affirmative evidence of that individual's culpability." Syl. pt. 2, *West Virginia Dept. of Health and Human Resources ex rel. Wright v. Doris S.*, 197 W.Va. 489, 475 S.E.2d 865 (1996).

Syl. Pt. 3, *In re Marley M.*, 231 W.Va. 534, 745 S.E.2d 572 (2013). It is clear from our review of the record, that the circuit court properly considered petitioner's silence as evidence of her culpability. As such, we find that the circuit court was presented with sufficient evidence that petitioner allowed her boyfriend to sexually abuse his daughters and that she failed to prevent the abuse.

Lastly, petitioner argues that the circuit court erred in terminating her parental rights. West Virginia Code § 49-6-5(a)(7)(A) states, in relevant part, that "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child, another child . . . to aggravated circumstances which include, but are not limited to . . . sexual abuse." This Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated:

> "in order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *West Virginia Dept. of Health and Human Resources v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996)

*In re Kaitlyn P*., 225 W.Va. 123, 126, 690 S.E.2d 131, 134 (2010). In the case at bar, we find that the circuit court was presented with sufficient evidence upon which it could have found that aggravated circumstances existed which called for the termination of petitioner's parental rights.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**:  February 9, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II